**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3241
_____

UNITED STATES OF AMERICA

v.

ANDREW SUAREZ,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-22-cr-00673-001)
District Judge: Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 8, 2024

Before: KRAUSE, BIBAS, and SCIRICA, *Circuit Judges*

(Filed: November 8, 2024)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Andrew Suarez pleaded guilty to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). He now appeals his sentence. We will affirm.

## I.     BACKGROUND

Between August and December 2017, Suarez worked with others to send $525,125.49 in fraudulently procured funds overseas to a South African criminal organization. To facilitate this scheme, Suarez opened fourteen domestic bank accounts across three states in the names of fake businesses; laundered the money through these accounts using wire transfers, cashiers' checks, and foreign bank transfers; and ultimately wired the money to South Africa. Eventually, Suarez was arrested, and a grand jury indicted him on multiple charges. He pleaded guilty to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The District Court sentenced Suarez to 60 months' imprisonment, followed by three years' supervised release, and ordered him to pay $263,132.96 in restitution. Suarez timely noticed this appeal.

## II.    DISCUSSION[1]

Suarez argues the District Court erred by (1) applying the sophisticated-laundering enhancement to his sentence under U.S.S.G. § 2S1.1(b)(3); (2) rejecting his request for an

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's application of the sophisticated-laundering enhancement and rejection of the acceptance-of-responsibility reduction for clear error. *United States v. Fish*, 731 F.3d 277, 279 (3d

2

acceptance-of-responsibility reduction pursuant to U.S.S.G. § 3E1.1(a); and (3) mistaking a then-pending state court charge as a conviction when assessing the need for specific deterrence. We reject each of these arguments.

First, the sophisticated-laundering enhancement provides a two-level offense level enhancement "[i]f . . . the offense involved sophisticated money laundering." U.S.S.G. § 2S1.1(b)(3). The enhancement applies to "complex or intricate" schemes, "typically involve[ing] the use of—(i) fictitious entities; (ii) shell corporations; (iii) two or more levels (i.e., layering) of transactions . . . ; or (iv) offshore financial accounts." *Id.* cmt. n.5(A). These characteristics are illustrative, not exhaustive, and the enhancement's application turns on whether a scheme as a whole evinces attributes of sophisticated laundering, not whether a defendant's conduct was itself sophisticated. *See United States v. Fish*, 731 F.3d 277, 280 (3d Cir. 2013). The District Court found that Suarez "both received from and sent money to offshore accounts," that "many of the transactions that he conducted were multilayered," and that the scheme was conducted "under the guise of" legitimate business activity. App. 66. These factual findings evidence a sophisticated money laundering scheme, and the District Court did not err by applying the enhancement.

Second, we discern no error in the District Court's refusal to apply an acceptance-of-responsibility reduction to Suarez's sentence. A court may reduce a defendant's base

---

Cir. 2013); *United States v. Mercado*, 81 F.4th 352, 355 n.1 (3d Cir. 2023). Because Suarez did not object to the District Court's consideration of his pending charge, we review that claim for plain error. *United States v. Brito*, 979 F.3d 185, 190 (3d Cir. 2020).

offense level by two levels if the defendant, by a preponderance of the evidence, "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). In reviewing the application of this reduction, we afford "the District Court 'great deference' because it [is] 'in a unique position to evaluate a defendant's acceptance of responsibility.'" *United States v. Mercado*, 81 F.4th 352, 360 (3d Cir. 2023) (quoting *United States v. Boone*, 279 F.3d 163, 193 (3d Cir. 2002)). Here, the District Court found that Suarez "routinely shifts blame to [a co-conspirator] and highlights how little monetary gain he incurred from his participation in the scheme." App. 68. Because the record supports this finding, the District Court did not err by refusing to apply the reduction here. *See United States v. Dullum*, 560 F.3d 133, 142 (3d Cir. 2009).

Finally, Suarez argues the District Court's mistaken finding—that he "was convicted of at least one prior crime of deception," namely, theft by deception, so that there was "at least some need for specific deterrence," App. 83—amounts to plain error. As it turns out, at the time of sentencing, Suarez had not been convicted of that crime, but only faced a pending charge in New Jersey state court for theft by deception. We review for plain error, *see supra* n.1, and the District Court's mistake was error, plain and obvious, as the Government concedes, *see* Answering Br. 21; *United States v. Brito*, 979 F.3d 185, 191 (3d Cir. 2020). But in conducting plain error review, we will vacate a sentence only where the error, in addition to being plain or obvious, also both prejudiced the defendant's substantial rights and would "seriously affect the fairness, integrity, or public reputation of judicial proceedings" if left uncorrected. *Brito*, 979 F.3d at 190 (citing *United States v. Olano*, 507 U.S. 725, 732–37 (1993)). Although the District

4

Court clearly erred, its error did not affect the integrity of Suarez's sentence. District courts may consider "underlying conduct" that "the PSR adequately details," *United States v. Berry*, 553 F.3d 273, 284 (3d Cir. 2009), so even in the absence of its error, the District Court could have considered the facts underlying Suarez's pending charge when evaluating the need for specific deterrence. And, here, the District Court sentenced Suarez to 60 months' imprisonment, on the low end of the 57-to-71 months Guidelines range. Suarez has not shown that the District Court's error prejudiced his substantial rights, and we therefore will not vacate for plain error.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.

5